# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:18CR00008-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VICTOR LEBRON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis H. Lee, Galumbeck & Kegley, Attorneys, Tazewell, Virginia, for Defendant.*

In advance of the sentencing of the defendant, the United States has objected to the recommended calculation of the Sentencing Guidelines, which objection I resolve in this Opinion.

The defendant, Victor Lebron, was an inmate at the United States Penitentiary Lee ("USP Lee"), located in this judicial district. After pleading guilty to an Information pursuant to a written Plea Agreement, Lebron was sentenced by this court on March 27, 2017, to a term of 36 months imprisonment. The Information charged the defendant with possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(3), and (d)(1)(B). Although the Plea Agreement contained an appeal waiver, which Lebron agreed that he understood, Tr. 17, Case No. 2:17CR00002, ECF No. 49, he in fact noted a pro se appeal, which was

dismissed on the motion of the United States by the court of appeals based on the waiver. *United States v. Lebron*, 699 F. App'x 265, 265 (4th Cir. 2017) (unpublished), *cert. denied*, 138 S. Ct. 1173 (2018). Lebron later filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was dismissed. *United States v. Lebron*, No. 2:17CR00002, 2019 WL 775749 (W.D. Va. Feb. 21, 2019).

Lebron's conviction in 2017 was based on the government's evidence that on May 23, 2015, a visitor to USP Lee, Christy Santiago, surreptitiously transferred to Lebron rubber balloons containing 50 units of buprenorphine, which he swallowed. The prison authorities were alerted to this transaction, and placed Lebron in a "dry cell" where on May 25, 2015, he defecated the balloons.

Following Lebron's unsuccessful appeal, the United States obtained an Indictment against both Santiago and Lebron in the present case on July 10, 2018, based on the same incident. The new crimes charged against Lebron included conspiring in violation of 18 U.S.C. § 371 with Santiago and others to provide an inmate with a prohibited object, buprenorphine, in violation of 18 U.S.C. § 1791(a)(1), (b)(1), and (d)(1)(C) (Count Four); conspiring with Santiago and others to distribute and possess with the intent to distribute the buprenorphine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(E) (Count Five); and possessing with intent to distribute buprenorphine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E) (Count Six). He was also charged with lying about the incident to an FBI agent, in violation

of 18 U.S.C. § 1001(a)(2) (Count Seven). Both Lebron and Santiago went to trial, where the jury convicted Lebron of all charges.[1]

The Presentence Investigation Report ("PSR"), ECF No. 128, prepared for Lebron's present sentencing, grouped all of his counts of conviction under U.S. Sentencing Guidelines Manual (2018) ("USSG") § 3D1.2(b), and for the purpose of determining the proper sentencing range used the guidelines applicable to a violation of 21 U.S.C. §§ 841(b)(1)(E), 846 resulting in a Base Offense Level of 6. USSG § 2D1.1(a)(5), (c)(17). The PSR also added an increase of two levels on the ground that the object of the offense was the distribution of a controlled substance in a prison. USSG § 2D1.1(b)(4). In addition, the PSR asserts that Lebron is a Career Offender under USSG § 4B1.1(b)(5), based on two prior controlled substance offenses, giving him a Total Offense Level of 24 and a Criminal History Category of VI, resulting in an advisory guideline range of 100 to 125 months imprisonment.[2]

---

[1] Santiago was acquitted of some of the charges and was sentenced to 18 months imprisonment.

[2] If the offense level for Career Offender status is greater than the offense level otherwise applicable, the Career Offender offense level applies. USSG § 4B1.1(a). Lebron's conviction under 21 U.S.C. § 841(b)(1)(E) could have resulted in a Career Offender offense level of 32, since he has been previously convicted of a felony drug offense and the maximum penalty for the conviction would thus be 20 years. *See* 21 U.S.C. § 841(b)(1)((E)(ii); USSG § 4B1.1(b)(3). However, the United States did not give notice of the enhanced maximum sentence prior to trial as required by 21 U.S.C. § 851.

The prosecution does not object to the PSR's finding that Lebron is properly classified as a Career Offender and I so find.[3] However, the United States contends that his Base Offense Level should be 26, based on USSG § 2P1.2, and resulting in a higher advisory sentencing range. That guideline section, entitled "Providing or Possessing Contraband in Prison," provides in a subsection entitled "Cross Reference," as follows:

> If the object of the offense was the distribution of a controlled substance, apply the offense level from § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking; Attempt or Conspiracy). *Provided*, that if the defendant is convicted under 18 U.S.C. § 1791(a)(1) and is punishable under 18 U.S.C. § 1791(b)(1), and the resulting offense level is less than level 26, increase to level 26.

USSG § 2P1.2(c)(1). I find that that the evidence at trial showed that it was an object of Lebron's conduct in obtaining the controlled substance from Santiago to redistribute it in the prison. Count Four of the Indictment charged a conspiracy to commit a crime against the United States in violation of 18 U.S.C. § 371, with the object of the conspiracy to violate § 1791(a)(1) (providing or attempting to provide an inmate a prohibited object), punishable under § 1791(b)(1) (where the prohibited

---

[3] The defendant objected to his Career Offender status on the ground that the PSR did not show that the defendant was represented by counsel in his prior state convictions and that the date of the convictions was not established to be within 15 years, as required. Def.'s Objs., ECF No. 126. However, in answer to these objections, the Probation Officer advised that she has obtained additional documentation obviating these objections, PSR addendum, ECF No. 128, and the defendant withdrew them.

object is a narcotic drug). While Lebron was convicted of conspiracy, "[u]nless otherwise specified, an express direction to apply a particular factor only if the defendant was convicted of a particular statute includes the determination of the offense level where the defendant was convicted of *conspiracy*, attempt, solicitation, aiding or abetting, accessory after the fact, or misprison of felony in respect to that particular statute." USSG § 1B1.3 cmt. 7 (emphasis added). *See United States v. Mapp*, 990 F.2d 58, 61 (2d Cir. 1993) (holding that offense level for conspiracy under 18 U.S.C. § 371 to violate § 1791(a)(1), punishable under § 1791(b)(1), is governed by USSG § 2P1.2(c)(1), even though the maximum punishment for the conspiracy is governed by § 371).

I thus sustain the government's objection and find that the defendant's Total Offense Level is 26, with a Criminal History Category of VI, which translates to an advisory imprisonment range of 120 to 150 months.[4]

It is so **ORDERED**.

ENTER: January 2, 2020

/s/ JAMES P. JONES
United States District Judge

---

[4] The Criminal History Category remains as determined under the Career Offender guideline. *See United States v. Gordon*, 838 F.3d 597, 601–03 (5th Cir. 2016).